## (October 6, 1982)

■ In the Matter of JOHN F. LAWSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT. Petitioner. — Respondent was admitted to the Bar by this court on May 16, 1951 and thereafter practiced in Ticonderoga, Essex County. On December 21, 1981, he was convicted in the United States District Court for the Northern District of New York, upon his plea of guilty, of willful failure to timely file an income tax

return for the year 1974 in violation of section 7203 of the Internal Revenue Code (US Code, tit 26, § 7203), a misdemeanor. Respondent was fined $3,000 and placed on probation for one year. Under the recent amendments to section 90 of the Judiciary Law (L 1979, ch 674, § 1), an attorney's conviction for willful failure to file an income tax return (i.e., to make a return at the time or times required by law, see US Code, tit 26, § 7203) is denominated a "serious crime" (Judiciary Law, § 90, subd 4, par d) and mandates the attorney's suspension unless such suspension is set aside by the Appellate Division (subd 4, par d). Respondent filed a record of his conviction with the court and moved to set aside his automatic suspension. Petitioner instituted this proceeding charging that respondent's conviction constitutes professional misconduct. We granted respondent's motion and thereafter referred the matter to a hearing Judge, who has filed a report finding that respondent's actions do not constitute misconduct. We disagree. Respondent's conviction for failure to timely make or file an income tax return constitutes professional misconduct and it is so adjuduged. (*Matter of Romas,* 71 AD2d 969.) Moreover, as previously noted, such conviction is now denominated a serious crime by section 90 (subd 4, par d) of the Judiciary Law. Accordingly, respondent's motion to confirm the report of the hearing Judge is denied and petitioner's cross motion to disaffirm is granted. In determining the appropriate sanction for respondent's misconduct, we have concluded, despite his otherwise unblemished record, that he should be suspended from the practice of law for a period of three months. Respondent suspended for a period of three months, the date of suspension to be fixed in the order to be entered hereon. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.